FLORA L. KEEPERS, PLAINTIFF, v. IRMA ROUTH, DEFENDANT.

Submitted May 15, 1926—Decided November 6, 1926.

**Negligence—Motor Vehicle Accident—Injury to Passenger of Defendant—Verdict Not Found Against Weight of Evidence —Question of Invitee or Licensee—All Other Questions Raised Considered and Dismissed.**

On plaintiff's rule to show cause why defendant's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Ward Kremer.*

*Contra, Joseph C. Paul* and *Durand, Ivins & Carton.*

PER CURIAM.

This is plaintiff's rule to show cause why a verdict in favor of defendant at the Monmouth Circuit should not be set aside.

The plaintiff was injured while riding in an automobile owned and operated by the defendant. The injury resulted from a collision between that car and another car at a highway intersection.

It is argued that the verdict is against the weight of the evidence. On careful examination of the conflicting evidence, and after reflection, we cannot say it is so. It looks to us like a typical jury case. The jury may have found that there was no invitation from defendant to plaintiff to ride in her car, and if the jury was justified in so finding, as we think it was, and the verdict was not contrary to the great weight of the evidence in this respect, as we think it was not, then this verdict ought not to be disturbed. But if it be assumed that the plaintiff was an invitee, and that, therefore, the de-

fendant owed her the duty of the exercise of reasonable care, we come to the question of whether the defendant did exercise reasonable care. It may be said that the jury found that she did, and on that question we cannot say that the verdict, resting as it does upon conflicting evidence, was against the great weight of the evidence.

We have examined, with care, the other points.

We do not think that there was error in the charge, nor in the refusal to charge the requests of the plaintiff. We find, on examination, the requests were not proper to be charged by reason of matters contained therein, or as requiring the court to decide disputed questions of fact, or as requiring the court to charge respecting testimony which was not in the case, or not required to be charged because already charged.

Upon a consideration of the whole case we think the rule to show cause must be discharged, and it is so ordered.